FILED ___ LODGED
RECEIVED ___ COPY

OCT 3 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lindsey B. Worthen, et al,<br><br>        Plaintiff,<br><br>vs.<br><br>General Motors Corporation, et al,<br><br>        Defendant. | NO. CIV 02-1538 PHX SRB<br><br>**RULE 16**<br>**SCHEDULING ORDER** |

Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

A.  The Fed.R.Civ.P. as amended and made effective December 1, 2000, shall apply to all proceedings concerning this case.

B.  All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed prior to the Scheduling Conference, shall be made **no later than five (5) days** after the date of entry of this Order, or in the alternative, no later than Oct 10, 2002.

C.  To satisfy the requirements of Fed.R.Civ.P. 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

D.  Motions to Amend the Complaint, and to join additional parties shall be filed no later than N/A.



1

E. The Plaintiff(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, and 705 no later than _Feb 17, 2003_. The Defendant(s) shall disclose the identity of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, or 705 no later than _March 19, 2003_. No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order are made.[1] _Plaintiff's rebuttal expert disclosure, if any, by April 8, 2003_

The disclosures of the identities of all persons who may be used at trial to present evidence under Fed.R.Evid. 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Fed.R.Civ.P. 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.

F. All discovery, including answers to interrogatories, production of documents, depositions and requests to admit must be completed by _July 30, 2003 except expert discovery shall close June 30, 2003_

G. The parties are required to finally supplement <u>all</u> discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before _June 30, 2003_ The parties are reminded that this order governs and supersedes the 30 days before trial disclosure deadline contained in Fed.R.Civ.P.

---

[1] The parties are hereby given notice that this Order requires disclosure different than that required by Federal Rule of Civil Procedure 26(a)(2).

2

26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the court.

H.  Discovery by interrogatory shall be governed by Fed.R.Civ.P. 33 unless otherwise ordered by the Court. Therefore, notwithstanding Local Rule 2.12, there is a limit of twenty-five (25) interrogatories, including discrete subparts, applicable to this case.

I.  Depositions shall be limited as provided by Rules 30 and 31 of the Fed.R.Civ.P. and as provided in the Local Rules of Practice for the District of Arizona unless granted permission to depart from these Rules by Order of this Court. To the extent that the Fed.R.Civ.P. differ from Local Rules, the Fed.R.Civ.P. shall govern.

J.  Motions on discovery matters are strongly discouraged. Parties are directed to Local Rule 1.10(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties. If the parties cannot reach a resolution, they are directed to jointly arrange a conference call with the Court to resolve the matter orally in court in lieu of filing a formal motion.

K.  This Order contemplates that each party will conduct discovery to permit completion within the deadline. Any discovery

which results in insufficient time to undertake necessary additional discovery and which requires an extension of the discovery deadline will be met with disfavor, will only be granted for good cause shown, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

L.  All dispositive motions shall be filed no later than **Sept 15, 2003**. **Each party shall file no more than one motion for summary judgment unless leave of Court is obtained.**

M.  All parties are specifically admonished that pursuant to Local Rule 1.10(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or **if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.**"

N.  The parties shall keep the Court apprized of settlement negotiations and the progress of discovery. A joint letter to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) and the progress of discovery shall be submitted by **Jan 3, 2003** and labeled 'FIRST NOTICE OF DISCOVERY AND SETTLEMENT," and then every FOUR (4) months thereafter. If settlement is reached the parties shall file a <u>Notice of Settlement</u> with the Clerk of the Court with a copy to Judge Bolton's Chambers.

O.  **A Joint Proposed Pretrial Order** shall be lodged by Feb 16, 2004. The content of the Proposed Pretrial Order shall include, but not be limited to, that prescribed in the <u>Form of Joint Proposed Pretrial Order</u> attached hereto. Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention regarding each uncontested and contested issue. The parties shall submit a copy of the **Joint Proposed Pretrial Order** on a 1.44K high density IBM compatible computer disk in WordPerfect 9.0 format.

P.  If the case will be tried to the Court, rather than to a jury, <u>in addition to</u> filing a **Joint Proposed Pretrial Order**, each party shall also submit Proposed Findings of Fact and Conclusions of Law on the same date the **Joint Proposed Pretrial Order** is due.

Q.  The parties shall file and serve all Motions in Limine no later than the filing of the **Joint Proposed Pretrial Order**. The attorneys for all parties shall come to the final **Pretrial Conference** prepared to address the merits of all such motions; no Replies.

R.  The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a **Pretrial Conference** on Feb 23, 2004 at 10:30 AM. At the **Pretrial Conference** this Court will establish a firm trial date and will issue the **Final Pretrial Order** with any additional instructions for trial preparation.

5

S.  The parties are advised that they will be required to file with the **Joint Proposed Pretrial Order** the following:

(1) A <u>joint</u> stipulated <u>Statement of the Case</u> to be read to the jury and included in the jury questionnaire. If the parties have any disagreement about the statement, the party proposing the statement will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection below the statement and offer an alternative statement.

(2) A <u>joint</u> stipulated set of <u>voir dire</u> questions to be added to the Court's standard questionnaire and/or to be given by the Court. The voir dire questions shall be drafted in a neutral manner. If the parties have any disagreement about a particular question, the party proposing the question will set it forth in the joint pleading and the party objecting shall set forth the reason for their objection below the question and offer alternative questions.

(3) <u>Joint</u> stipulated <u>jury instructions</u>. The instructions shall be accompanied by citations to legal authority. If the parties have any disagreement about any particular instruction, the party proposing the instruction will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternate instruction.

(4) A <u>joint</u> stipulated <u>form of verdict</u>. If the parties have any disagreement about the form of verdict, the party proposing the form will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative form of verdict.

(5) A <u>Trial Memorandum of Law</u> for each party. The memorandum shall be brief but must address all questions of law, including evidentiary issues that the party anticipates will arise at trial.

(6) Any final pretrial matters required under Federal Rule of Civil Procedure 26(a)(3) are due prior to the preparation and submission of the **Joint Proposed Pretrial Order**.

**IT IS FURTHER ORDERED** directing the parties to submit their proposed voir dire questions, statement of the case, jury instructions, and form of verdict on a 1.44K high density IBM-PC compatible computer disk in WordPerfect 9.0 format in addition to the written materials filed with the Clerk of the Court.

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Fed.R.Civ.P.

Motions in Limine shall be filed no later than _Feb 9, 2004_; Response due _Feb 18, 2004_; no Reply.

**IT IS FURTHER ORDERED** setting _Jury_ Trial on _March 9, 2004_ at 9:00 a.m. Estimated length: _15_ days

DATED: _9/30_, 20_04_.

_/s/ Susan R. Bolton_
Susan R. Bolton
United States District Judge